IN THE COURT OF CRIMINAL APPEALS


OF TEXAS








WR-70,832-02






EX PARTE JEDIDIAH ISAAC MURPHY








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. W00-02424-M(B) IN THE 194TH DISTRICT COURT

DALLAS COUNTY






 Per curiam. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In June 2001, Applicant was convicted of the offense of capital murder. The jury
answered the special issues submitted pursuant to Article 37.071, Tex. Code Crim. Proc.,
and the trial court, accordingly, set punishment at death. This Court affirmed Applicant's
conviction and sentence on direct appeal. Murphy v. State, 112 S.W.3d 592 (Tex. Crim. App.
2003). This Court denied relief on Applicant's initial post-conviction application for writ
of habeas corpus. Ex parte Murphy, No. WR-70,832-01 (Tex. Crim. App. March 25,
2009)(not designated for publication). Applicant later filed this subsequent application. This
Court dismissed the second and third claims in Applicant's subsequent writ application
pursuant to Article 11.071, § 5 of the Texas Code of Criminal Procedure. Ex parte Murphy,
No. WR-70,832-02 (Tex. Crim. App. October 6, 2010)(not designated for publication). This
Court remanded Applicant's subsequent writ application to the trial court only with regard
to the first claim in which Applicant alleged that the State suppressed evidence and presented
false testimony. Id. This Court ordered the trial court to make findings of fact and
conclusions of law regarding whether or not the factual basis of the first claim was
ascertainable through the exercise of reasonable diligence on or before the date the initial
application was filed. Id. If the trial court determined that the factual basis of the claim was
not ascertainable through the exercise of reasonable diligence on or before the date the initial
application was filed, then this Court directed the trial court to determine the merits of the
claim. Id.

 Following remand, the trial court held a hearing in February 2011. Following the
hearing, the trial court signed two conflicting orders, one adopting the State's proposed
findings and conclusions recommending that the claim be either dismissed or denied, and the
other recommending a new trial on punishment. This Court again remanded the application
for the trial court to clarify whether it intended to recommend a dismissal, a denial, or the
granting or relief. Ex parte Murphy, No. WR-70,832-02 (Tex. Crim. App. November 23,
2011)(not designated for publication). Following the second remand, the trial court made
supplemental findings in which it stated that it "intended to adopt the State's proposed
findings that were signed by the [trial court] on May 10, 2011," and that it "had no intention
of recommending a new punishment hearing in this case." The trial court found that
Applicant's first claim was "ascertainable through the exercise of reasonable diligence on
or before the date Applicant's initial application was filed." The trial court recommended
that the claim be dismissed, or alternatively denied.

 We have reviewed the record of the hearing and the trial court's supplemental findings
of fact on Applicant's first claim. We have also reviewed the State's proposed findings of
fact and conclusions of law that were signed and adopted by the trial court on May 10, 2011. 
Based upon the trial court's findings and conclusions and our own review, we conclude that
Applicant has failed to satisfy the requirements of Article 11.071, 

§ 5 of the Texas Code of Criminal Procedure. Accordingly, we dismiss the application as
an abuse of the writ without considering the merits of the claims. 

 IT IS SO ORDERED THIS THE 21ST DAY OF MARCH, 2012.


Do Not Publish